IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LARRY VALDEZ,

    Plaintiff,

vs.                 No. CIV 08-807 MV/GBW

ALBUQUERQUE PUBLIC
SCHOOLS,

    Defendant.

# ORDER

This matter comes before the court on Defendant's Motion to Compel (Doc. 41) and Plaintiff's Motion to Compel (Doc. 42). A hearing was held on both motions on August 28, 2009. After considering the pleadings and counsel's arguments, the court rules as follows:

*Defendant's Motion to Compel (Doc. 41):*[1]

  <u>Defendant's Request for Production No. 14</u> - Denied.

Defendant has produced records responsive to the Request and, in context, the response was sufficiently specific.

*Plaintiff's Motion to Compel (Doc. 42):*

  <u>Plaintiff's Request for Production No. 5</u> - Denied in part and granted in part.

---

[1] Defendant has withdrawn its Motion to Compel as to Defendant's Interrogatories No. 4 and No. 7, and its Requests for Production No. 1 and No. 3. *Doc. 55* at 1-2.

Request for Production No. 5 demanded the personnel files of five individuals. As to Mr. Duffay's file, the motion to compel production is denied as the discovery of his file does not appear reasonably calculated to lead to the discovery of admissible evidence. Plaintiff argues that Mr. Duffay's file is relevant because he claims that Mr. Duffay is a "comparable employee" for the purposes of demonstrating disparate treatment. However, the Court finds that Mr. Duffay's employment history and experience are dramatically different from Plaintiff's and, as such, he is not "similarly situated" to the Plaintiff.

As to the personnel files of Mr. Sandoval and Mr. Wideman, the motion to compel production is granted except that leave, injury, illness, and benefits records[2] shall be excluded from the production. The Court finds that these individuals are sufficiently comparable to Plaintiff that the production of their personnel files is reasonably calculated to lead to the discovery of admissible evidence. Defendant's conclusory assertions of that such production would be an "invasion of privacy and present[] identity theft concerns" are insufficient to outweigh Plaintiff's need for discovery. *See Velasquez v. Frontier Medical Inc.*, 229 F.R.D. 197, 200-201 (D.N.M. 2005).

As to the personnel files of Mr. Woods and Ms. Hudson, Plaintiff orally withdrew his request for an order to compel their production.

---

[2] Plaintiff limited his request for production of personnel files to exclude these categories. *Doc. 51* at 2.

<u>Plaintiff's Request for Production No. 8</u> - Denied in part and granted in part.

Plaintiff's Request for Production No. 8 demanded a detailed listing of all employees who, from January 2004 to present, were provided pay for performing duties above and beyond their job positions.  At the hearing, it became apparent there was a misunderstanding between the parties regarding the proper terminology for pay for performing duties above and beyond their job positions.  In his discovery request, Plaintiff had referred to such pay as "differential" pay.  At the hearing, Defendant's counsel explained that such pay was called "upgrade" pay.

Plaintiff argues that information about "upgrade" pay is relevant because it will show that he did not receive "upgrade" pay at the time or in the amount at which he was entitled while other similarly-situated employees did receive their full entitlement of "upgrade" pay.  Plaintiff believes that this disparate treatment will support his claim of discrimination.

Defendant argues that the "upgrade" pay information is not relevant, and, in any event, would be unduly burdensome to produce.

Based upon the affidavit of Patricia Nabors, the Court finds that the production of the "upgrade" pay list would be burdensome because it will require a physical search and analysis of all pay records during the requested time period.  The court also finds that the likelihood that the production of "upgrade" pay information will lead to admissible evidence declines as the position of the employees receiving the "upgrade"

pay becomes less similar to the Plaintiff's position.  Consequently, the Court will distinguish between "upgrade" pay information about employees within the same major department as Plaintiff (Maintenance and Operations),[3] and "upgrade" pay information about employees outside that department.  The Court concludes that, based upon a balancing of the proffered relevance of the information and the burden of production, the motion to compel production of this "upgrade" pay list will be granted only for "upgrade" pay received by employees within the Maintenance and Operations Department.[4]  The motion to compel production of information regarding the "upgrade" pay received by employees outside of that department will be denied as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

    IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

[3] There is no dispute between the parties that (1) Plaintiff worked in the Heavy Equipment Department; (2) the Heavy Equipment Department was one of several subordinate departments within the Grounds Department; and (3) the Grounds Department was one of several subordinate departments within the Maintenance and Operations Department.

[4] At the hearing on this matter, this potential limitation was discussed with Plaintiff's counsel and counsel did not object to it.